# Use of Agency Resources to Support Presidential Transition

We adhere to the conclusion in our December 14, 1992 Memorandum that, under the Presidential Transition Act of 1963, an executive agency or department may provide office space, secretarial services, and other support services to members of the transition team from agency appropriations without reimbursement from the transition appropriation when the provision of such space and support by the agency, rather than by the transition team itself, would minimize disruption to the agency's operations caused by the transfer of the leadership of the agency.

Our conclusion in the 1992 Memorandum is not affected by the October 12, 2000 amendment to the Transition Act. Direct support services and office space for those workshops and orientations that the amendment authorizes should be provided by GSA out of the appropriation for the transition, unless their provision by a particular agency would minimize disruption of the agency's mission or operations

November 22, 2000

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
GENERAL SERVICES ADMINISTRATION

This memorandum responds to your inquiry whether our 1992 opinion about the provision of office space and support services by executive agencies and departments for activities related to the transition of the President-elect continues to reflect our view of the law. Memorandum for C. Boyden Gray, Counsel for the President, from Timothy E. Flanigan, Assistant Attorney General, Office of Legal Counsel, *Re: Use of Agency Resources to Support the Presidential Transition* (Dec. 14, 1992) ("1992 Memorandum").[1] As discussed below, we adhere to the advice provided in that memorandum.

The 1992 Memorandum addresses the circumstances under which executive agencies and departments may provide office space and support services to members of the presidential transition team without reimbursement from the transition appropriation. The Presidential Transition Act of 1963, Pub. L. No. 88–277, 78 Stat. 153 (1964) (codified as amended at 3 U.S.C. § 102 note) ("Transition Act"), authorizes the General Services Administration ("GSA") to provide appropriate office space and support services to the transition team. At the same time, the Transition Act indicates that each individual agency's mission includes those activities necessary to minimize transition-related disruptions to the agency's work. Thus, general agency appropriations are available to further that mission. In reconciling the availability of both general agency and transition appropriations for transition-related office space and support services, we relied upon the principle of appropriations law that when Congress has provided for more than one appropriation in the same area, the appropriations generally are to be interpreted

---

[1] The 1992 Memorandum clarified advice we provided during the 1988 the presidential transition *See* Memorandum for Arthur B. Culvahouse, Jr., Counsel to the President, from Douglas W Kmiec, Assistant Attorney General, Office of Legal Counsel, *Re: Executive Agency Assistance to the Presidential Transition* (Jan. 3, 1989)

so as to minimize overlap between the two. Our 1992 Memorandum concluded that agencies could provide office space, secretarial services, and other support services from agency appropriations without reimbursement from the transition appropriation when the provision of such space and support by the agency, rather than by the transition team itself, would minimize disruption to the agency's operations caused by the transfer of the leadership of the agency.

Our conclusion in the 1992 Memorandum is not affected by the October 12, 2000 amendment to the Transition Act. Presidential Transition Act of 2000, Pub. L. No. 106–293, 114 Stat. 1035 (2000) ("2000 Amendment"). Among other things, this amendment authorizes GSA to pay the expenses for briefings, workshops, and other activities to familiarize key prospective presidential appointees with the issues that typically confront new political appointees.[2] *Id.* § 2(3). Such activities may include interchanges with individuals in the outgoing administration currently employed by an executive agency or department in order to give new officials the benefit of the experience of the former administration. *Id.* The legislative history indicates that the Senate Committee on Governmental Affairs believed that the most beneficial format for such orientations would be informal discussions and workshops coordinated by GSA. *See* S. Rep. No. 106–348 (2000). The amendment also authorizes "orientations" for the same key prospective appointees addressing issues such as records management and human resources and performance-based management. 2000 Amendment § 2(3). The Senate report emphasizes that the amendment "only affects the key political appointments in the executive branch agencies and in the Executive Office of the President." S. Rep. No. 106–348, at 6. Consistent with our 1992 Memorandum, we believe that direct support services and office space for these workshops and orientations should be provided by GSA out of the appropriation for the transition, unless their provision by a particular agency would minimize disruption of the agency's mission or operations. An example, discussed in our prior opinion, might include circumstances where an agency decides that internal agency information would be best safeguarded if support staff assisting with the transition were responsible to, and therefore funded by, the agency.

RANDOLPH D. MOSS
*Assistant Attorney General*
*Office of Legal Counsel*

---

[2] The 2000 Amendment also authorizes the development of a transition directory by the Administrator of GSA in consultation with the Archivist of the United States and consultation by the Administrator with any candidate for President or Vice President before the election to develop a systems architecture for computer and communications systems to coordinate a transition to federal systems if the candidate is elected. 2000 Amendment § 2(3)